IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01946-BNB

JECKONIAS N. MURAGARA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Jeckonias N. Muragara, resided in Greeley, Colorado, when he initiated the instant action by submitting a Complaint (ECF No. 1) *pro se* and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  On August 6, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Muragara to cure certain designated deficiencies, including to submit an amended Title VII Complaint on the proper, Court-approved form that provided a statement of claims and supporting factual allegations and did not rely on attached documents, and to submit an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 indicating on page one, paragraph one whether he wanted the United States Marshals Service to serve process.

    On September 13, 2013, Magistrate Judge Boland entered a minute order (ECF No. 6) that granted Plaintiff's motion for extension of time (ECF No. 5) filed on September 9, 2013, to the extent the motion requested additional time in which to cure deficiencies listed in the order of August 6, 2013 (ECF No. 4).  Plaintiff was allowed

thirty days from the date of the September 13 minute order in which to comply with the August 6 order.  He failed either to do so within the time allowed or otherwise communicate with the Court in any way.

However, it came to the Court's attention that the cure order of August 6, 2013, inadvertently directed Plaintiff to use the Court-approved form for filing a Title VII case instead of the general Complaint form appropriate for a Social Security action. Therefore, on October 25, 2013, Magistrate Judge Boland entered a minute order (ECF No. 7) directing the clerk of the Court to mail to Plaintiff, together with a copy of the October 25 minute order, the Court-approved forms for filing a general Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The minute order allowed Plaintiff thirty days in which to cure all the deficiencies designated in the August 6 order using the proper, Court-approved Complaint form.  The minute order warned Plaintiff that failure to do so within the time allowed may result in the dismissal of the instant action.  Again, Plaintiff failed to cure the designated deficiencies within the time allowed or otherwise to communicate with the Court in any way.

Rather than dismiss the instant action at that time for failure to cure the designated deficiencies, Magistrate Judge Boland entered an order on December 30, 2013, that directed Mr. Muragara to show cause why the instant action should not be dismissed for his failure, within the time allowed, to cure the designated deficiencies as directed in the orders of August 6 and October 25, 2013, or otherwise to communicate with the Court in any way.

The order of December 30, 2013, advised Plaintiff of the potential consequence of failing to cure the designated deficiencies file and gave him a final opportunity to comply with the directives of the orders of August 6 and October 25, 2013.  *See*

*Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).  Magistrate Judge Boland warned Mr. Muragara that, even if the Court dismissed the instant action without prejudice for failure to comply with the August 6 and October 25 orders, the dismissal may bar recovery if Plaintiff sought to refile in this Court because the period for filing a Social Security action may have expired.  Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner may allow."  42 U.S.C. § 405(g).  Magistrate Judge Boland warned Mr. Muragara that if he failed within the time allowed to cure the deficiencies as designated in the August 6 and October 25 orders, and show cause as directed in the December 30 order, the Complaint and the action would be dismissed without further notice.  The copy of the December 30 order sent to Mr. Muragara was returned to the Court on January 13, 2014, as undeliverable with no forwarding address.  *See* ECF No. 10.

Mr. Muragara has failed within the time allowed to show cause as directed, cure the designated deficiencies, or otherwise communicate with the Court in any way.  Therefore, the Complaint and the action will be dismissed without prejudice for Mr. Muragara's failure to cure the designated deficiencies within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Muragara files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Jeckonias N. Muragara, within the time allowed, to cure the deficiencies as directed in the orders of August 6, 2013 (ECF No. 4) and October 25, 2013 (ECF No. 7); show cause as directed in the order of December 30, 2013 (ECF No. 9); and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Plaintiff at his last known address.

DATED at Denver, Colorado, this 7th day of February, 2014.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court